UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:15-CR-15-GFVT-EBA-8

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF, |
| V. | **MAGISTRATE JUDGE'S REPORT & RECOMMENDATION** |
| MIKE STURGILL, | DEFENDANT. |

\*\*\* \*\*\* \*\*\* \*\*\*

## I. INTRODUCTION

The Defendant, Mike Sturgill, brings this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. [R. 813]. Consistent with local practice, the matter is before the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court recommends that Sturgill's motion be denied.

## II. FACTUAL & PROCEDURAL BACKGROUND

Mike Sturgill was indicted for conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846. [R. 177]. Following his indictment, counsel moved for a competency hearing, based on Sturgill previously being found unable to handle both his financial and personal affairs, as well as having a legal guardian appointed for his benefit. [R. 302]. On December 30, 2015, the Court granted Defendant's Motion to determine competency and ordered a psychological evaluation pursuant to 18 U.S.C. § 4241(a). The psychological evaluation took place at the Federal Medical Center (FMC) in Lexington, Kentucky, from January 11, though February 25, 2016. [R. 370 at 2] (Note Error in report; 2015 should have stated 2016. See R. 430 at 12). Dr. Judith Campbell was the evaluating clinician and author of the forensic report regarding

Defendant Sturgill. [Id. at 2-12]. Dr. Campbell found that Defendant Sturgill is "not currently suffering from a mental disease or defect rendering him mentally incompetent… [and he] is currently competent to stand trial." [Id. at 11-12]. Dr. Campbell testified to her findings and conclusions at a competency hearing held on April 13, 2016. [R. 399]. Subsequently, Sturgill filed a brief disputing Dr. Campbell's findings and conclusions, and asked the Court to find him incompetent. [R. 449]. Following the Government's Response Brief, [R. 455], and Defendant's Reply Brief, [R. 456], the Magistrate Judge recommended that Defendant Sturgill was competent to stand trial. [R. 463]. Pursuant to the Federal Rule of Criminal Procedure 59(b), Defendant timely objected to the Magistrate Judge's recommendation. [R. 467]. Despite this objection, the District Court adopted the Magistrate Judge's recommendation as the opinion of the Court. [R. 474].

One week after the District Court adopted the recommendation as the opinion of the Court, the Defendant moved for rearraignment. [R. 481]. At his rearraignment, Defendant plead guilty to Count 2 of the Second Superseding Indictment, conspiracy to distribute oxycodone. [R. 497]. Prior to sentencing, Defendant moved for a downward departure from the sentencing guidelines and objected to the presentence investigation report, based in part on a claim of diminished capacity pursuant to USSG § 5K2.13. [R. 633 & 634]. Defendant was later allowed to file a brief on diminished capacity, so that the issue could be further vetted. [R. 681]. The matter being fully briefed, the Court overruled the objection and sentenced Defendant Sturgill to a guideline-range term of imprisonment of 120 months, followed by 10 years of supervised release. [R. 710-13]; [R. 821: Sent. Tr.]. No appeal was ever filed.

On January 22, 2018, Sturgill timely filled the instant 28 U.S.C. § 2255 motion to vacate, alleging one claim of ineffective assistance of counsel. [R. 813]. Specifically, he contends that his court-appointed attorney, Mr. Williams, performed so ineffectively that he failed to consult with him on whether he wished to appeal the competency determination or not. [R. 813-1 at 2]. To support his accusation, he claims that Mr. Williams deficiently performed and thus was ineffective, because he failed to advise that: (1) the Court's ruling, supposedly, conflicts with other decisions regarding the correlation of I.Q. scores with competency determinations; (2) the evaluation of the defendant, by Dr. Campbell, was not as thorough as at least one other case; and (3) that the recommendation included in the evaluation was logically flawed given the finding that his mental abilities would render it difficult for him to hold a job or manage money, yet he could assist in his defense and is competent to stand trial. [R. 813-1]. Furthermore, Sturgill argues that he can show Mr. Williams's substandard performance prejudiced him, because had he known there were "conflicts with other district court decisions" and that "Dr. Campbell left out important evidence" in her evaluation, he would have insisted on appealing the issue. [Id. at 7]. Additionally, he argues that being deprived of his right to appeal is also a prejudice against him. [Id.] Sturgill requests appellate review of his competency determination. [R. 813 at 12]. For reasons explained more fully below, the Court recommends that Sturgill's motion be denied.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Within his motion, Sturgill raises one argument of alleged ineffective assistance of counsel; (I) that counsel failed to consult with him regarding whether he wished to appeal the competency determination. To support this argument Sturgill claims that: (A) counsel's performance was, supposedly, deficient and thus ineffective, because: (1) the competency

3

determination was in conflict with other Court decisions; (2) the competency evaluation was not thorough; and (3) the recommendation given in the evaluation were not in line with logic, and (B) counsel's substandard performance prejudiced the defendant, because: (1) had he known of the above stated issue with performance he would have insisted on appealing the determination; and (2) counsel's failure to consult with him on the appeal deprived him of the right to appeal. [R. 813-1]. Before the Court addresses Sturgill's claims, it must first determine the standard of review to apply.

**A. Legal Standard**

The United States Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), announced that the test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Regalado v. United States, 334 F.3d 520, 524 (6th Cir. 2003). The inquiry requires that the Court first ask whether trial counsel's performance fell below reasonably accepted professional standards. Id. Put another way, the Court must assess whether "counsel's performance was constitutionally deficient such that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Id. (citing Magana v. Hofbauer, 263 F.3d 542, 547 (6th Cir. 2001)). In assessing the attorney's conduct under Strickland's first prong, the Supreme Court instructed that "courts must 'judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct,' and 'judicial scrutiny of counsel's performance must be highly deferential.'" Regalado, 334 F.3d at 524 (quoting Roe, 528 U.S. at 477, 120 S.Ct. at 1029). The second component of the Strickland inquiry requires the Court to determine whether "counsel's

4

deficient performance prejudiced the defendant." Id.  To establish this prejudice, the petitioner must "demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Regalado, 334 F.3d at 524 (quoting Magana, 263 F.3d at 547; Strickland, 466 U.S. at 694, 104 S.Ct. at 2052).

In Roe, the Court reiterated its prior decisions rebuking attorneys for failing to file appeals after clients so specifically instructed.  Regalado, 334 F.3d at 524.  The Court referred to its decision in Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), stating that it is "professionally unreasonable" for a lawyer to fail to file an appeal when specifically instructed to do so.  Regalado, 334 F.3d at 524 (citing Roe, 528 U.S. at 477, 120 S.Ct. at 1029; see also Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998) (holding that counsel's failure to perfect a direct appeal upon his client's request is per se Sixth Amendment violation)).  The result, in such a situation, is that a defendant is entitled to a delayed appeal and need not show any likelihood of success on the merits. Regalado, 334 F.3d at 525 (see Roe, 528 U.S. at 477, 120 S.Ct. at 1029). The Sixth Circuit has gone on to expand this protection for defendant(s) who have waived all or most of their right to appeal.  Campbell v. United States, 686 F.3d 353, 360 (6th Cir. 2012). Even though the defendant has waived all or some of his rights to appeal, attorneys will still be found to have provided ineffective assistance of counsel if the attorney fails to file an appeal that a criminal defendant explicitly requests. Id.

Nevertheless, in Roe, "the Supreme Court 'rejected a bright-line rule that counsel must always consult with the defendant regarding an appeal.'" Johnson v. United States, 364 F. App'x 972 (6th Cir. 2010) (citing Roe, 528 U.S. at 480).  Rather, defense counsel's obligation to consult his client depends on the totality of the circumstances. Id. Consultation occurs when the attorney

5

"advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." Regalado, 334 F.3d at 525 (citing Roe, 528 U.S. at 478, 120 S.Ct. at 1029). If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. If, on the other hand, counsel failed to consult with his client, then the court must address whether the failure to consult, by itself, is indicative of deficient performance." Id. "Counsel's failure to consult is unreasonable if (1) 'a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal),' or (2) 'this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" Johnson v. United States, 364 F. App'x 972 (6th Cir. 2010) (citing Roe, 528 U.S. at 480). "In determining whether counsel's failure to consult was reasonable, a court must consider all the information counsel knew or should have known. Id. "Factors to consider include whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. "However, even in cases involving a plea of guilty, the reviewing court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." Id.

Lastly, Roe sets forth a three-part sequential analysis. "First, we must determine whether the defendant gave counsel express instructions regarding an appeal. Second, if we find that the defendant did not provide express instructions, then we must determine whether counsel consulted with the defendant about an appeal. Finally, if there was no consultation, then we must

decide whether the failure to consult was objectively unreasonable." Id. Having determined the appropriate standard of review to apply, the Court now turns to Sturgill's claims of ineffective assistance of counsel.

## B. Analysis

As mentioned above, Sturgill asserts one (1) claim of ineffective assistance of counsel. His only claim is that his counsel, Mr. Williams, failed to consult him on whether he wished to appeal his competency determination. [R. 813-1]. Thus, Sturgill does *not* claim that he told Mr. Williams to file an appeal and Mr. Williams did not. This leaves only the issues of whether counsel consulted with Sturgill regarding his right to appeal the competency determination, and if not whether failure to consult was objectively unreasonable.

1. Did consultation regarding sturgill's right to appeal his competency determination occur?

In the present situation, Mr. Williams did consult with the defendant regarding his right to appeal. Sturgill even said as much at his rearraignment:

| | |
|---|---|
| THE COURT: | Now, you have the right to do that, to take an appeal up, but you can give up that right. Do you understand that? |
| DEFENDANT: | Yeah. |
| THE COURT: | In your plea agreement you are giving up the right to appeal your guilty plea or your conviction. You won't be able to go to the Court of Appeals and say that there was something wrong with your guilty plea or that you should not have been convicted. Do you understand that? |
| DEFENDANT: | Yeah. |
| THE COURT: | But you're keeping your right to appeal your sentence. You can appeal and challenge the sentence in your case. Do you understand that? |
| DEFENDANT: | Yeah. |

7

| | |
|---|---|
| THE COURT: | All right. Now, that's your right of appeal. You also have a right to make what's called a collateral attack. Now, that's basically filing a lawsuit to claim that your conviction or your sentence was unconstitutional or was fundamentally unfair. Do you understand that? |
| DEFENDANT: | Yeah. |
| THE COURT: | Okay. That's a lawsuit you'd file here in this court. You don't file that at the Court of Appeals. Do you understand that? |
| DEFENDANT: | Yeah. |
| THE COURT: | Now, that's an important right that you have, but it also can be given up. In your plea agreement your -- you're going to be able to file one of those lawsuits to claim that Mr. Williams has not performed as required by the Constitution. Okay. The Constitution says that lawyers have to do certain things, and if you think Mr. Williams hasn't done that, you can file this lawsuit to see if you're right. Do you understand that? |
| DEFENDANT: | Yeah. |
| THE COURT: | You're going to be able to do that. You won't be able to file that kind of lawsuit to challenge your guilty plea or your conviction. Do you understand that? |
| DEFENDANT: | Yeah. |
| THE COURT: | But according to the plea agreement, you can collaterally attack your sentence. You'll be able to do that too. Do you understand that? |
| DEFENDANT: | Yeah. |
| THE COURT: | Did you talk to your lawyer about your right of appeal and collateral attack before you signed your plea agreement? |
| DEFENDANT: | Yes. |
| THE COURT: | Did he explain them to you? |

8

| | |
|---|---|
| DEFENDANT: | Yeah. |
| THE COURT: | Did he give you advice about what all of that means? |
| DEFENDANT: | Yeah. |
| THE COURT: | Do you have any questions about it? |
| DEFENDANT: | Hug-uh. |

[R. 826, *Rearraignment Transcript* at 47-50]. The Defendant subsequently plead guilty and was later sentenced within the terms of the plea agreement. [R. 826 & 821]. During his sentencing he acknowledged that he understood his rights to appeal and even signed a written notice affirming as much:

| | |
|---|---|
| THE COURT: | Okay. That's granted. And he reserved his right to appeal, correct? |
| MR. PARMAN: | I believe so, Your Honor. |
| THE COURT: | Okay. Just the sentence; is that right? |
| MR. PARMAN: | Yes, Your Honor. |
| THE COURT: | Okay. Mr. Sturgill, you have the right to appeal the sentence I've just announced. I'm going to hand you a written notice of your right to appeal. Mr. Williams is going to read it to you and go over it with you, and if you understand your rights, sign it. If not and you have questions, feel free to ask me. I'd be happy to answer any questions.<br>        (The defendant signed the document entitled Defendant's Notice of Right to Appeal. [R. 712].) |
| THE COURT: | Mr. Sturgill, do you understand your rights? |
| DEFENDANT: | Yeah. The right to appeal, you said? |
| THE COURT: | Yes. You understand that right? |
| DEFENDANT: | Yeah. |

| | |
|---|---|
| THE COURT: | Okay. And Mr. Williams, any issue with that? |
| MR. WILLIAMS: | I don't believe so, Your Honor. I've explained to him he has 14 days to do that and if he can't afford an attorney, one will be appointed for him. |
| THE COURT: | Okay. And you'll protect his rights in the interim? |
| MR. WILLIAMS: | Yes, sir. |

[R. 821, *Sentencing Transcript* at 34-5]. Following his sentencing he did not express any desire to appeal. Mr. Williams, Sturgill's counsel, has shown by affidavit and copy of a letter sent to Sturgill that he inquired as to whether Sturgill wanted to appeal. [R. 831-1 & 3].

2. Was the consultation between Sturgill and Mr. Williams adequate?

The analysis above, shows that Mr. Williams did consult with Sturgill regarding his right to appeal. Nevertheless, Sturgill's main contention is that Mr. Williams did not consult with him directly about his right to appeal his competency determination and that a rational defendant would want to appeal such a ruling. [R. 813-1]. Thus, Sturgill argues that the consultation provided by Mr. Williams was deficient. Therefore, the Court must evaluate the performance of Mr. Williams "by asking whether [he] consulted with the [Sturgill] about the benefits and drawback of bringing an appeal." Regalado, 334 F.3d at 525 (citing Roe, 528 U.S. at 478, 120 S.Ct. at 1029). "Consultation occurs when the attorney 'advises the defendant about the advantage and disadvantage of taking an appeal, and makes a reasonable effort to discover the defendant's wishes.'" Id. "If consultation has occurred, then 'counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. "If, on the other hand, the counsel failed to consult with [his] client, then the court must address whether the failure to consult, by itself, is indicative of deficient performance." Id.

10

Assuming, *arguendo*, that Mr. Williams consultation was insufficient, defendant must show that counsel's representation fell below an objective standard of reasonably effective assistance under prevailing professional norms. Strickland, 466 U.S. at 687-89. "Counsel has a constitutionally imposed duty to consult when there is a reason to think (1) 'a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal).'"[1] Johnson v. United States, 364 F. App'x 972 (6th Cir. 2010) (citing Roe, 528 U.S. at 480). "In making this determination, courts must take into account all the information counsel knew or should have known." Roe, 528 U.S. at 480. "Evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making [the determination of prejudice] … [as] we have recognized that the prejudice inquiry…is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous ground for appeal." Id. at 486. "But, while the performance and prejudice prongs may overlap, they are not in all cases coextensive." Id. "To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal." Id. "But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." Id.

Furthermore, the Sixth Circuit ruling in Shelton is analogues to the present case. Shelton v. United States, 378 F. Appx. 536, 539 (6th Cir. 2010). The Sixth Circuit held in Shelton that:

---

[1] The second option under Johnson, that "(2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing," was removed from the analysis, because Sturgill cannot claim he demonstrated in any manner to counsel his desire to appeal. Furthermore, Sturgill does not make the argument that he demonstrated a desire to appeal, only that Mr. Williams should have known, as a rational defendant he would want to appeal. Johnson v. United States, 364 F. App'x 972 (6th Cir. 2010).

11

> Even if petitioner were to argue that counsel's advice did not constitute sufficient consultation to satisfy Roe, we would find the failure to consult was not unreasonable in this case. Relevant considerations include that petitioner entered into a favorable plea agreement giving him the greatest reduction for acceptance of responsibility, recommending a sentence at the bottom of the guideline range, and preserving the opportunity to seek a downward departure. Also, petitioner agreed to waive the right to appeal or collaterally attack the plea and sentence on all but a few grounds. Nothing in the record suggests that a reasonable attorney would think either that a rational defendant in petitioner's situation would want to appeal, or that petitioner reasonably demonstrated to counsel that he was interested in appealing. As such, petitioner cannot demonstrate deficient performance by counsel in this manner either.

Id.

Sturgill's grounds for why he would want to appeal are frivolous. Sturgill first argues that he was found to be competent in conflict with other competency determination decisions. Sturgill cites three cases, in his Memorandum of Support, that he claims conflict with the Court's competency decision.[2] [R. 813-1 at 4-5]. These exact same cases were cited and used by Sturgill in his briefing following the competency hearing and in his objection to the Magistrate Judge's Recommendation. [R. 449 at 9-11; R. 456 at 5; R. 467 at 3]. Sturgill is correct to say that in each of these cases cited the defendant was found to be incompetent and that each defendant had a higher IQ than Sturgill, who was found to have an IQ of 51. [R. 370 at 6]. However, both the Magistrate Judge and the District Judge came to the same conclusion, that the cases Sturgill "cites in his briefs are neither controlling nor persuasive"—"for they of course say nothing about the competency of *this* unique defendant". [R. 463 at 10; 474 at 5]. Now addressing the issue for the third time, this Court still finds the cases cited by Sturgill are neither controlling nor persuasive. It

---

[2] United States v. Baldwin, No. 1:10-CR-00146, 2012 WL 5205814 (W.D. Mich. Oct. 22, 2012) (finding incompetent a defendant with an IQ of 55 along with deficits in adaptive behavior); United States v. Coach, No. 08-20165-STA, 2010 WL 2521359 (W.D. Tenn. June 16, 2010) (finding incompetent a defendant with an IQ of 56); United States v. Reynolds, No. 3:09-CR-109, 2009 WL 3615078 (E.D. Tenn. Oct. 28, 2009) (finding incompetent a defendant with an IQ of 71, accompanied by "extremely impaired" memory, "severe PTSD[,] and severe cognitive impairments").

12

is not as if the Court is seeing these cases for the first time. Sturgill, by his counsel, Mr. Williams, argued these cases thoroughly and completely. The Court even pointed out that it "must render a decision based on this unique defendant" and not the defendant(s) in the cited cases. [Id.] Thus, a rational defendant would not appeal based on this ground.

Next, Sturgill argues that he should not have been found competent because his competency was determined by an inadequate evaluation. Specifically, Sturgill states that Dr. Campbell's failure to interview his guardian and counsel, review previous mental health records, and only observe him personally for 6 to 8 hours, renders her evaluation deficient, and thus reasonable grounds for an appeal. [R. 813-1]. In support of this contention, Sturgill cites one case where Dr. Campbell had "significant personal observation" with the defendant, reviewed the defendant's medical history, and had consultations with defense counsel and counsel for the United States.[3] [Id.] Sturgill seems to suggest that this case should be compared to his and because Dr. Campbell did not provide or perform the evaluation in exactly the same manner, as she did for another patient, his evaluation should be rendered invalid. [Id.] The Court is not persuaded. Mr. Williams addressed these issues meticulously at the competency hearing and in the post-hearing brief. [R. 430; R. 449]. The Magistrate Judge and the District Judge both addressed the issue, and state that Dr. Campbell "believed she had enough information to offer an opinion that he was presently competent to stand trial" and this is based on "Sturgill's conduct over the entire evaluation period." [R. 463 at 9; R. 474 at 3]. Given the Court's conclusion, it is also not likely that a rational defendant would appeal on this issue either, under the circumstances.

---

[3] United States v. Bond, 2011 U.S. Dist. Lexis 8780 (E.D. Ky. 1-5-2011).

Lastly, Sturgill argues that to find him competent violates logic. Sturgill contends that because he may have been found incompetent and may not be able to handle his financial or personal affairs by the Social Security Administration and the Rockcastle District Court, that this would render him incompetent in all aspects of life for the rest of his life. Stated more clearly, because he had been found incompetent before in one regard, he should be found incompetent in the future regardless. Simply, this is not the case. While the Social Security Administration and the Rockcastle District Court may have found him to be incompetent more than thirteen years ago, the present determination should be based on Sturgill's "present ability" to consult with his lawyer and to understand the proceedings against him.[4] [R. 467 at 4; R. 474 at 4]. Dr. Campbell's report found just that, "despite the fact that [Sturgill] has been diagnosed with Mild Intellectual Disability, observed limitations such as limited vocabulary did not prevent him from participating in legally focused interviews with the examiner, or from addressing all realms of his personal functioning." [R. 370-1 at 9]. In his present argument, Sturgill states that Dr. Campbell confirmed his 51 IQ determination represents a true reflection of his mental abilities. [R. 813-1 at 6]. This statement is wrong, it is neither cited in the argument nor does it reasonably express Dr. Campbell's thoughts on the issue. Rather, Dr. Campbell stated during the competency hearing that Sturgill "made statements that sounded a little more sophisticated than [Dr. Campbell] expected, considering his test scores." [R. 463 at 4; R. 430 at 35]. Lastly, Sturgill points to several factors such as his inability to hold a job, manage money, or remember his attorney's name as examples of why he should have been found to be incompetent. [R. 813-1 at 6]. While this might be the case, Sturgill has neglected, yet again, to consider the holistic analysis applied by the Court. These

---

[4] Dusky v. United States, 362 U.S. 402, 402 (1960); see 18 U.S.C. § 4241(a) (codifying the Dusky Standard).

14

factors are but a part of Dr. Campbell's entire evaluation, with each factor to be given its own weight. Thus, when viewed as a whole and weighted appropriately, it is not unreasonable to see how the Court came to the competency decision that it did. [R. 474 at 5]. Given this outcome, it is not likely that a rational defendant would want to appeal on this ground either.

Finally, given the relevant consideration from Shelton, Sturgill cannot demonstrate deficient performance by Mr. Williams. Shelton, 378 F. Appx. at 539. Sturgill entered into a favorable plea agreement giving him a "decrease in the offense level by 2 levels for his acceptance of responsibility" and "if the offense level determined prior to this 2-level decrease is level 16 or greater…to decrease the offense level by 1 additional level based on the Sturgill's timely notice of intent to plead guilty." [R. 499 at 2]. Also, the government agreed to dismiss all other underlying indictments against Sturgill, except for Count 2 of the Second Superseding Indictment. [R. 499 at 1]. Furthermore, Sturgill preserved and did pursue the opportunity to seek a downward departure. [R. 633]. Moreover, Sturgill did receive a sentence of 120-months, lower than the Government's requested 180-month sentence. [R. 821 at 29]. Sturgill also agreed to waive the right to appeal or collaterally attack the plea and conviction on all but a few grounds. [R. 499 at 3]. Thus, under Shelton, "[n]othing in the record suggests that a reasonable attorney would think either that a rational defendant in [Sturgill's] situation would want to appeal, or that [Sturgill] reasonably demonstrated to counsel that he was interested in appealing. Shelton, 378 F. Appx. at 539. "As such, [Sturgill] cannot demonstrate deficient performance by counsel in this manner either." Id.

Having considered each of Sturgill's arguments in turn and finding them all to be without merit, the Court finds that Mr. Williams acted in a professionally reasonable way, as an appeal on these grounds would not be made by a rational defendant.

15

3. Sturgill knew of his rights about the prior proceedings regarding his competency.

     Sturgill has made several claims throughout his argument, but the claim that is most perplexing is the fact that he claims he lacked any knowledge that conflicting case law existed, he says would have given him reason to appeal his competency determination. [R. 813-2]. This completely contradicts the record, Mr. William's evidence, and Mr. Williams's sworn affidavit. Based on the standard set by the Sixth Circuit in Roe, the Court finds counsel's sworn affidavit credible. In his sworn affidavit, Mr. Williams indicates that Sturgill knew of his issue of competency and his right to appeal the competency determination and sentence. [R. 831-1]. Mr. Williams states that during Sturgill's sentencing, his right to appeal was explained, both by the Court and himself.[5] [Id.]. To further support the argument that Sturgill and Mr. Williams discussed the right to appeal, the Government submits the internal memo describing the phone call between them the day after the sentencing took place. [R. 831-2]. In this memo Mr. Williams states that Sturgill indicated to him that he did not wish to file an appeal. [Id.] This shows again that it reasonable to believe that this conversation took place and Mr. Williams consulted with him regarding the possibility of filing an appeal. Then to finally assure himself, Mr. Williams sent Sturgill a letter stating that it is his understanding that Sturgill does not wish to appeal his sentence, and if that changes to notify him by February 20, 2017. [R. 831-3]. Again, this shows that Mr. Williams is being diligent in his representation and insuring that Sturgill has every opportunity to take full advantage of his rights, if he so chooses. In light of these facts, Sturgill's claims are simply not credible.

---

[5] *See supra* Pg. 7-10.

16

Sturgill was also present for the competency hearing and has had access to the arguments made my Mr. Williams in his briefs. As discussed above, Mr. Williams made his argument using the same cases Sturgill now claims he did not know about, but if he had known about them, he would have appealed.[6] [R. 813-1 at 4-5; R. 813-2]. Therefore, Sturgill's argument contradicts itself. The Court already decided his competency by using the same information he now claims would given him grounds to appeal, had he known this information existed. Yet, the Court based a large portion of its' decision on this information, making Sturgill's argument illogical and meritless. Sturgill cannot claim he does not know now what he argued before.

Based on the forgoing analysis, the Court finds that Mr. Williams did consult with Sturgill and that he performed in a professionally reasonable manner. "Since [Sturgill] failed to establish that [Mr. Williams's] performance was deficient, we need not decided whether he could demonstrate prejudice." Shelton, 378 F. Appx. at 539. For the reasons discussed above, the Court recommends that Sturgill's motion be denied.

## IV. EVIDENTIARY HEARING

Pursuant to Rule 4, Rules Governing § 2255 Proceedings, a motion to vacate may be summarily denied if it plainly appears from the face of the motion and any annexed exhibits that the movant is not entitled to relief. Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). In the alternative, "When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required 'to determine the truth of the petitioner's claims.'" Ray v. United States, 721 F.3d 758, 761 (quoting Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007)). The Sixth Circuit has observed that a § 2255

---

[6] *See supra* Pg. 12.

17

petitioner's "burden 'for establishing an entitlement to an evidentiary hearing is relatively light.'" Smith, 348 F.3d at 551 (quoting Turner v. United States, 183 F.3d 474, 477 (6th Cir. 1999)).  However, no hearing is required if the movant's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of facts.  Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999); Peavy v. United States, 31 F.3d 1341, 1345 (6th Cir. 1994).

In this case, the undersigned will recommend Sturgill's claim, found in his Motion to Vacate, be denied. Furthermore, there is no factual dispute necessitating an evidentiary hearing. Even though Sturgill's burden for establishing a right to an evidentiary hearing is light, it cannot be met because his allegation(s) clearly contradict the record. For these reasons, an evidentiary hearing is not necessary.

## V. CONCLUSION

For the reasons set forth above, it is recommended that the Sturgill's Motion to Vacate [R. 813] be **DENIED**.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 3rd day of October, 2018.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge