UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff/Respondent, )<br>)<br>V. )<br>)<br>MIKE STURGILL, )<br>)<br>    Defendant/Petitioner. ) | Crim No.: 6:15-cr-0015-GFVT-EBA-8<br>Civil No.: 6:18-cv-0020-GFVT-EBA<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by Magistrate Judge Edward B. Atkins. [R. 843.] The Defendant, Mike Sturgill, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 813.] Consistent with local practice, Judge Atkins reviewed the motion and ultimately recommends that the Court deny the Defendant's § 2255 motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Sturgill filed timely objections to the Recommendation. [R. 846.] The Court acknowledges its duty to review his filings under a more lenient standard than the one applied to attorneys because Mr. Sturgill is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Under this more lenient construction, the objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Sturgill's objections will be **OVERRULED**.

## I

Judge Atkins's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Atkins's discussion of the record into this Order.

In April of 2015, Mr. Sturgill and his co-defendants were indicted for conspiracy to distribute oxycodone. [R. 1.] In response to concerns about Mr. Sturgill's competency, the Court ordered a psychological and/or psychiatric evaluation at FMC Lexington. [R. 347.] Magistrate Judge Hanly A. Ingram held a competency hearing and recommended the Court find him competent to face further proceedings, including trial. [R. 463.] This Court adopted the Recommendation over Mr. Sturgill's objections on July 13, 2016. [R. 474.]

Only six days later, Mr. Sturgill filed a motion for rearraignment. [R. 481.] He entered a guilty plea to the conspiracy charge before Judge Ingram on July 22, 2016, where he waived his right to appeal the conviction but preserved his right to appeal his sentence. [R. 500.] At

sentencing, he moved for a downward departure for diminished capacity under U.S.S.G. § 5K2.13. [R. 633; R. 634.] The Court permitted parties to brief the issue. [R. 681.] Ultimately, District Judge Amul Thapar overruled the objections and sentenced Mr. Sturgill to 120 months imprisonment. [R. 710; R. 713; R. 715.] He did not appeal. Instead, Mr. Sturgill filed a § 2255 petition on January 22, 2018. [R. 813.]

## II

In his § 2255 motion, Mr. Sturgill alleges ineffective assistance of counsel because his attorney "failed to consult with him regarding whether he wished to appeal the [competency] ruling." [R. 813-1 at 2.] Mr. Sturgill claims that he would have instructed his attorney to appeal the competency decision had he been aware "the evaluation was not marked by the same thoroughness the examiner utilized in another case and the decision itself seemingly conflicted with other district court cases." *Id*. To prevail on a claim of ineffective assistance of counsel, a defendant must prove both deficient performance and prejudice to assert successfully an ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442, F.3d 959, 964 (6th Cir. 2006). When an ineffective assistance of counsel claim involves counsel's failure to appeal a decision, the Court must determine if the defendant gave express instructions to counsel to appeal. *Johnson v. United States*, 364 F. App'x 972, 975–76 (6th Cir. 2010) (citing the test from *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)). If no express instructions were given, the Court must decide if the attorney consulted with the defendant regarding an appeal. *Id*. at 976. If there was no consultation, the Court must discern whether the failure to consult with the defendant was objectively unreasonable. *Id*. Judge Atkins thoughtfully considered Mr. Sturgill's claims and determined, under *Strickland*, he is not entitled to relief.

3

Judge Atkins found, based on the colloquy at rearraignment and subsequently filed affidavits, that Mr. Sturgill's counsel discussed whether he wanted to appeal the determination. [R. 843 at 10.] Thereafter, Judge Atkins determined the consultation itself was sufficient. *Id*. at 15. The Court agrees with Judge Atkins's conclusions and now turns to Mr. Sturgill's specific objections to his Recommendation.

## A

First, Mr. Sturgill disagrees with Judge Atkins's evaluation of a "rational defendant." [R. 846 at 4.] Mr. Sturgill states, "Rather, whether a rational defendant would want to appeal an issue is dependent upon whether the defendant feels that given the circumstances, a different court could reach a different decision based on the non-frivolous grounds presented." *Id*. Judge Atkins relied on *Shelton v. United States* and the cases cited therein to determining whether counsel demonstrated deficient performance: whether a rational defendant would want to appeal his conviction or sentence. [R. 843 at 12.]

The "rational defendant" standard is objective, not based on whether Mr. Sturgill himself would want to appeal a decision. Further, the standard is based on several objective factors, not "whether the defendant feels that given the circumstances, a different court could reach a different decision based on the non-frivolous grounds presented." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Judge Atkins based his determination on the factors of *Flores-Ortega* (i.e. whether the defendant entered a guilty plea or went to trial, whether defendant received the sentence bargained for in the plea agreement, whether defendant waived all or some of his appeal rights in the plea agreement), and the Magistrate Judge is not required to determine whether Mr. Sturgill himself would have wanted to appeal. [R. 843 at 10–13.] Therefore, Mr. Sturgill's first objection must be overruled.

**B**

Next, Mr. Sturgill objects to the Magistrate Judge's reliance on *Shelton v. United States*, arguing that *Shelton* "is an unpublished nonbinding decision." [R. 846 at 5.] He is correct that *Shelton* was not published and is therefore not binding. The Sixth Circuit, however, permits the citation to unpublished decisions for persuasive authority. 6 Cir. R. 32.1. Even so, Judge Atkins was relying on *Shelton* for mere articulation of the standard. The passages cited by Judge Atkins in *Shelton* are restatements of law found in published Supreme Court and Sixth Circuit cases. *See Shelton*, 378 F. App'x 536, 537–38 (6th Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Roe v. Flores-Orega* 528 U.S. 470, 477–84 (2000); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *Regalado v. United States*, 334 F.3d 520, 524–25 (6th Cir. 2003). Thus, even though *Shelton* is not binding on this Court, *Strickland*, *Flores-Orega*, *Ludwig*, and *Regalado* are binding and stand for the same propositions as *Shelton*.

**C**

Mr. Sturgill further objects to Judge Atkins's determination of his awareness of certain facts. [R. 846 at 6.] In his petition, Mr. Sturgill argued that he was unaware he could appeal the competency determination and unaware of the advantages of appealing the competency determination. [R. 813-2.] Furthermore, he claims, "If I had been informed that other district courts have found defendants with higher I.Q. scores than myself incompetent to stand trial I would have asked to appeal the decision." *Id*. The Magistrate found this to be without merit, determining the record showed Mr. Sturgill was aware of or had access to this information. [R. 843 at 16–17.] He disagrees: "However, the evidence on the record does not support such an assumption." [R. 846 at 6.] According to Mr. Sturgill, "The exhibits only show that counsel

asked Movant whether he wished to appeal his conviction and sentence not the competency determination." *Id*. at 7.

Here, Mr. Sturgill seems to believe that the competency determination would have been a separate matter of appeal. No criminal defendant has a constitutional right to appeal. *McKane v. Durston*, 153 U.S. 684, 687 (1894). The right to appeal arises from a statute, which permits the Circuit Courts to hear appeals "from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A competency hearing is a preliminary proceeding, thus not final and not traditionally appealable. Certain exceptions to the finality doctrine apply, however, and a collateral order may be appealed if the order would "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989). Findings from competency evaluations are reviewable on appeal from the final judgment. *See, e.g. United States v. Dubrule*, 822 F.3d 866, 875–79 (6th Cir. 2016).

To appeal his competency evaluation, Mr. Sturgill would have to appeal the final judgment: his conviction or his sentence. He explicitly stated to the Court that he understood, by entering a guilty plea, he waived his right to challenge his conviction. [R. 826 at 47–48.] The right to appeal his sentence was again discussed at sentencing. [R. 821 at 34–35.] After telling the Court he understood his rights, Mr. Sturgill indicated to his counsel he did not wish to appeal. [R. 831-1; R. 831-2.] Accordingly, his objection that he would have appealed the competency determination is also without merit.

# III

Mr. Sturgill has been diagnosed with a Mild Intellectual Disability [R. 370-1 at 9.], however, such a disability does not necessarily render him unable to consult with his attorney or to understand the legal proceedings against him. 18 U.S.C. § 4241(a). After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins's thorough analysis of Mr. Sturgill's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Mike Sturgill's Objections to the Recommended Disposition [**R. 846**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 843**] is **ADOPTED** as and for the Opinion of this Court;

3. The Defendant's Motion to Vacate under § 2255 [**R. 813**] is **DISMISSED WITH PREJUDICE**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 15th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge