UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case: 6:15-cr-00015-GFVT-EBA-8 |
| v. | ) | |
| MIKE STURGILL, | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Mike Sturgill's motion for compassionate release, which the Court will construe as a motion for reconsideration. [R. 1024.] For the reasons that follow, Mr. Sturgill's motion will be DENIED.

**I**

On July 22, 2016, Mr. Sturgill pleaded guilty to conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846. [R. 481; R. 497.] On February 7, 2017, former District Judge Amul R. Thapar sentenced Mr. Sturgill to 120 months of imprisonment to be followed by ten years of supervised release. [R. 713.]

Mr. Sturgill has a long history of filing motions for compassionate release dating back to 2020.[1] On July 9, 2020, Mr. Sturgill filed a motion for compassionate release, arguing that the Covid-19 pandemic and his underlying health conditions constituted extraordinary and

---

[1] Technically, Mr. Sturgill filed his first motion for compassionate release/sentence reduction on December 16, 2019. [R. 874.] The Court denied Mr. Sturgill's motion on February 3, 2020, because Mr. Sturgill failed to "state a specific basis for such [a] reduction." [R. 883.]

compelling circumstances justifying release. [R. 928.] The Court found that Mr. Sturgill had exhausted his administrative remedies and suffered from medical conditions that "place[d] him at a higher risk of severe illness from COVID-19 under the CDC's guidance." [R. 934 at 2.] However, the Court denied Mr. Sturgill's motion under the § 3553(a) factors "because he cannot show that he is not a danger to the safety of others or the community. *Id.* at 3.

Mr. Sturgill filed his next motion for compassionate release on November 2, 2020. [R. 957.] On December 1, the Court once again denied Mr. Sturgill's motion under the § 3553(a) factors. [R. 965 at 4–6.] On November 29, Mr. Sturgill filed a letter requesting release to be with his ailing sister pursuant to a pending motion for compassionate release. [R. 1021.] On December 8, the Court construed the letter as a motion for compassionate release, explained that Mr. Sturgill had no pending motions for compassionate release, and denied the motion because "relief for a family emergency falls within the jurisdiction of the BOP, not this Court." [R. 1023 (citing *Barger v. Smith*, 1986 WL 217516, at *1 (6th Cir. Nov. 6, 1986)).]

On December 20, Mr. Sturgill filed the motion for compassionate release that is presently before the Court. [R. 1024.] The basis for this motion is Mr. Sturgill's numerous health conditions and the Covid-19 variants, though Mr. Sturgill states that a desire to be with his sisters, neither of whom are in good health, is also a consideration. [*Id.*; *see also* R. 1026; R. 1027; R. 1037; R. 1039.]

**II**

The Court has reviewed Mr. Sturgill's motion and accompanying filings and finds that release is not warranted at this time. In fact, although the Court previously found that extraordinary and compelling circumstances existed because of Mr. Sturgill's health conditions

2

and the Covid-19 pandemic, extraordinary and compelling circumstances are no longer present in this case because Mr. Sturgill has received two doses of the Pfizer-BioNTech Covid-19 vaccine. [R. 1031-1]; *see also United States v. Lemons*, 15 F. 4th 747, 751 (6th Cir. 2021) (finding access to Covid-19 vaccine "substantially undermines" a request for compassionate release); *United States v. Traylor*, 16 F. 4th 485, 487 (6th Cir. 2021) (finding a lack of extraordinary and compelling circumstances notwithstanding the "serious nature of [defendant's] medical conditions" because defendant had "received both doses of the Pfizer vaccine"). Furthermore, to the extent Mr. Sturgill seeks release to visit his ailing family members, the Court has already explained that this decision lies with the BOP and not the district court. [R. 1023 (citing *Barger*, 1986 WL 217516, at *1).]

Finally, while the Court is encouraged with Mr. Sturgill's participation in skills and behavior training programs while in prison [*see* R. 1026-1; R. 1037-1], the Court's prior analysis regarding the § 3553(a) factors still applies. [*See* R. 965 at 5.] Mr. Sturgill's updated home plan of moving to Lexington instead of Mt. Vernon or Berea "is not enough to overcome the Court's concern based upon the relevant §3553(a) factors." *Id.* Mr. Sturgill has an extensive criminal history that includes numerous home burglaries, possession of firearms as a convicted felon, escape from state prison, and multiple parole violations. *Id.* Furthermore, Mr. Sturgill's underling offense involved a conspiracy to distribute oxycodone, which is a serious offense, and he previously returned to drug abuse after participating in drug treatment. *Id.* The Court does not find that the record has sufficiently changed to merit release at this time and will deny Mr. Sturgill's motion.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Mr. Sturgill's motion for compassionate release **[R. 1024]**, which the Court construes as a motion for reconsideration, is **DENIED**.

This the 12th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge